**CAPITAL SERVICES OF NEW YORK, INC., Plaintiff,**

v.

**E–POXY INDUSTRIES, INC. and Donald Dzekciorius, Defendants.**

No. 00–CV–0873 (LEK).

United States District Court, N.D. New York.

June 9, 2000.

**12**

Margaret J. Gillis, Whiteman, Osterman Law Firm, Albany, NY, for plaintiff.

James T. Potter, DeGraff, Foy Law Firm, Albany, NY, for defendant.

## ORDER

KAHN, District Judge.

Presently before the Court is Plaintiff's motion for a order temporarily restraining Defendants from use of displays at a trade fair to be held June 12, 2000 that Plaintiff alleges breach a prior settlement between the parties and contain false statements. For the reasons set forth below, the Court grants Plaintiff's motion.

### I. ANALYSIS

■ In most cases, a party seeking a preliminary injunction must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor. *See, e.g., Genesee Brewing Co. v. Stroh Brewing Co.,* 124 F.3d 137, 142 (2d Cir.1997). Upon a review of all papers submitted in support and opposition to pending motion, the Court concludes that Plaintiff has met its burden.

### A. Likelihood of Success on the Merits

■ After a careful review of the various affidavits, the Court concludes that the proposed trade show display containing the two letters from Zotefoams, PLC to E–Poxy Industries concerning Evazote grey and Evazote 380 bronze clearly falls within the scope of the prior settlement entered into before Magistrate Judge Homer on September 25, 1997. Defendants' argument that Plaintiff disseminated copies of that settlement in violation of the confidentiality clause contained therein and thereby relieved Defendant of its obligations under the agreement flagrantly disregards contract doctrine, which holds that breach does not excuse performance. Any violation of the settlement by either party gives rise to an independent cause of action, and does not relieve the parties of their duties under the agreement. Plaintiff would therefore likely succeed on the merits of its breach of contract claim.

The Court is similarly persuaded with respect to the false advertising claim. Section 43(a) of the Federal Trademark Dilution Act (better known as the Lanham Act), 15 U.S.C. § 1125(a) (1988), pursuant to which Plaintiff brings this false advertising claim, provides that

> Any person who, on or in connection with any goods or services … uses in commerce any … false or misleading description of fact, or false or misleading representation of fact, which—

> \*       \*       \*       \*       \*       \*

> (2) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act. To prevail under § 43(a), a plaintiff must demonstrate that "an advertisement is either literally false or that the advertisement, though literally true, is likely to mislead and confuse consumers…. Where the advertising claim is shown to be literally false, the court may enjoin the use of the claim 'without reference to the advertisement's impact on the buying public.' " *McNeil–P.C.C., Inc. v. Bristol–Myers Squibb Co.,* 938 F.2d 1544, 1549 (2d Cir.1991). While Defendants are correct that the record is devoid of any study or survey establishing market confusion, *McNeil-P.C.C.* relieves movants of that burden when alleging claims of literal falsity. Plaintiff can satisfy its burden under the Lanham Act by simply establishing the literal falsity of the assertions in Defendants' display.

After due review of the record, the Court believes that Plaintiff has met that burden. Defendants' display includes a statement that Evazote 380 is "the only Evazote with UV resistance"—an assertion contrary to Defendants' own previous advertising. The "Notice" issued by defendant Dzekciorius suggests that Plaintiff's product failed under UV

exposure in various projects in which Plaintiff had not participated in any way whatsoever. As this Court has previously declared, the doctrine of *caveat contendor* imposes a responsibility on a competitor engaged in comparative advertising or statements to get the facts right. Advertisements are traditionally afforded a wide latitude, but that does not extend to excusing blatantly false statements. That was not done here.

## B. Irreparable Harm

In cases involving comparative advertising, the Second Circuit has clearly held that courts will presume irreparable harm where a plaintiff demonstrates a likelihood of success in showing literally false the defendant's comparative advertisement which mentions plaintiff's product by name. *See McNeilab, Inc. v. American Home Products Corp.*, 848 F.2d 34, 38 (2d Cir.1988). This Court's inquiry therefore focuses on Plaintiff's likelihood of success on the merits of its breach of contract and false advertising claims.

## II. CONCLUSION

Accordingly, it is hereby

ORDERED that Plaintiff's motion for temporary relief is GRANTED;

ORDERED that Defendants and their officers, agents, and/or employees are ENJOINED from utilizing at any trade show display any representation of the two letters from Zotefoams, PLC to E–Poxy Industries concerning Evazote grey and Evazote 380 bronze, and using the words "choose the only Evazote with UV Resistance Evazote 380 E.S.P.";

ORDERED that Defendants are ENJOINED from distributing or displaying to customers or potential customers the Zotefoam letters subject to the prior settlement agreement entered before Magistrate Judge Homer, and from distributing or displaying to customers or potential customers advertising or promotional materials which display Plaintiff's federally registered trademark MetaZeal with pictures of what Defendants claim are degraded grey Evazote or MetaZeal, or with a two-page, undated E–Poxy "Notice" "To Our Valued Customers";

ORDERED that Plaintiff submit a schedule for the application, briefing, and hearing on the remaining injunctive relief sought in Plaintiff's complaint; and it is

FURTHER ORDERED that the Clerk of the Court serve a copy of this Order on all parties by registered mail.

IT IS SO ORDERED.